```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RUXTON DELLECESE, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil Action |
| ASSIGNED CREDIT SOLUTIONS, INC. | No. 15-6678 (JBS/KMW) |
| Defendant. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, Plaintiff Ruxton Dellecese (hereinafter, "Plaintiff") alleges that Defendant Assigned Credit Solutions (hereinafter, "Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. ¶¶ 1692-1692p (hereinafter, the "FDCPA"), in its efforts to collect an outstanding debt against Plaintiff. (See generally Compl. at ¶¶ 11-15.) Following Defendant's failure to answer or otherwise respond to the allegations of the Complaint, Plaintiff moves for default judgment under Federal Rule of Civil Procedure 55(b)(2). [See Docket Item 6.]

For the reasons that follow, Plaintiff's motion for entry of default judgment will be granted, and the Court will enter a default judgment in favor of Plaintiff and against Defendant in the amount of $1,000. The Court finds as follows:

1. **Factual and Procedural Background.** In her Complaint, Plaintiff alleges that she entered into a payment arrangement with Defendant to pay a debt and thereafter made regular payments to Defendants towards the debt. (Compl. § 11.) However, within a year, Defendant began calling Plaintiff to demand larger payments, but Plaintiff advised that she could not do so. (Id. § 13.)  Plaintiff alleges that Defendant exceeded the bounds of the FDPCA in its efforts to "collect an alleged consumer debt," by (1) calling Plaintiff "at least twice per week to harass Plaintiff into larger payments" despite Plaintiff "advising [Defendant] that he was unable to make larger payments and that he would continue making payments as previously agreed," and (2) "threaten[ing] to take a legal action against Plaintiff if he did not make larger payments," but "[t]o date, no such action has been filed against Plaintiff." (Id. ¶¶ 12-15.)  As a result of these allegations, Plaintiff seeks $1,000 in statutory damages under the FDCPA, 28 U.S.C. § 1692k(a)(1), reasonable attorneys' fees, and punitive damages. (Id. Prayer for Relief.)

2. On September 14, 2015, Plaintiff served the Complaint upon Defendant via a process server at its principal place of business in Marlton, NJ. [Docket Item 3.]  Following Defendant's failure to answer or otherwise respond to the Complaint, the Clerk entered default, and Plaintiff's motion for default

judgment followed. [Docket Item 4.]  In her motion, Plaintiff takes the position that the unchallenged facts of the Complaint demonstrate her entitlement to entry of judgment against Defendant in the amount of statutory damages, plus reasonable attorneys' fees and costs, because her allegations reflect that Defendant's collections-related conduct violated numerous sections of the FDCPA.

2. **Standard of Review.** Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2); see also Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a).  Once this procedural hurdle has been met, it is within the discretion of the district court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), see also Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)(explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry

of default judgment is left primarily to the discretion of the district court).

3. A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotations and citation omitted).  Thus, before granting default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).  A court must accept as true every "well-pled" factual allegation of the complaint, but no presumption of truth applies to the plaintiff's legal conclusions or factual assertions concerning damages. Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and

4

Procedure (2d ed. 1983), § 2688, at 444.[1]  The Court addresses each element in turn.

4. **Subject Matter Jurisdiction.** The Court has federal question jurisdiction over the subject matter of this FDCPA suit pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. **Evidence of Personal Jurisdiction and Proof of Service**. The Court finds that this precondition has been met as well, as Defendant was served its principal place of business in Marlton, New Jersey. [Docket Item 3.]  The Court has general personal jurisdiction over Defendant given that its home is in New Jersey. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)(explaining that "the paradigm forum for the exercise of general jurisdiction is  . . . one in which the corporation is fairly regarded as at home").

6. **Legitimate Cause of Action.** Next, the Court must consider whether the undisputed facts of Plaintiff's Complaint allege legitimate claims for violations of the FDCPA.  On this issue too, the Court finds the inquiry relatively

---

[1] Because the entry of default prevents a plaintiff's claims from being decided on the merits, the Third Circuit has noted that it "does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  Thus, while "the entry of default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." Hritz, 732 F.2d at 1181 (citations omitted).

straightforward, because any one of Plaintiff's claims, standing alone, states a valid cause of action under the FDCPA. (Compl. ¶¶ 11-16.) "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014). Plaintiff alleges that she is a consumer and Defendant is a debt collector under the FDCPA. (Compl. ¶¶ 3-4.) She further asserts that she owes a debt to Defendant arising out of transactions for personal, family or household purposes. (Id. ¶ 8.) Accepting her allegations as true, Plaintiff has made out the first three prongs on an FDCPA claim.

7. Plaintiff also claims that Defendant violated six specific provisions of the FDCPA – 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f. Accepting the factual allegations in her Complaint as true and drawing all reasonable inferences in her favor, Plaintiff has properly pled violations of these provisions. Indeed, the repeated harassing telephone calls and the threat to take legal action against her potentially amount to independent violations of the strict-liability scheme embodied under the FDCPA. See 15 U.S.C. §

1692(d)(prohibiting a debt collector from engaging "in any conduct the natural consequence of which his to harass, oppress, or abuse any person in connection with the collection of a debt"); § 1692d(5) (explaining that a debt collector may not repeatedly or continuously cause a telephone to ring); § 1692e (prohibiting a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of a debt); § 1692e(5) & (10)(explaining that a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken or make other false representations or implications), and § 1692f (explaining that a debt collection may not use, overall "fair or unconscionable means); see also Allen ex rel. Martin v. Lasalle Bank, N.A., 629 F.3d 364, 368 & n.7 (citations omitted)(3d Cir. 2011)(explaining the "generally accepted" notion that the FDCPA constitutes a "strict liability statute to the extent it imposes liability without proof of an intentional violation").  In view of these circumstances, the Court concludes that Plaintiff has alleged at least one legitimate claim under the FDCPA.

    8. **Appropriateness of Default Judgment.** Turning to the final inquiry, whether the entry of default judgment would be proper, the Court must consider "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the

7

party subject to default.'" Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 686 (D.N.J. 2015)(quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)). Defendant has, in this instance, failed to proffer any defense, meritorious or otherwise, to Plaintiff's claims, and the Complaint itself reflects no fatal deficiency. See Surdi v. Prudential Ins. Co. of Am., No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008)("The facts as alleged in the Complaint provide no indication of a meritorious defense."); Wong v. American Credit and Collections, LLC, No. 11-4428, 2012 WL 5986474, at *4 (D.N.J. Nov. 28, 2012)("[I]t is not likely that defendant could assert a complete defense because the FDCPA is a strict liability statute."). Moreover, because Plaintiff has no other means of seeking damages for the statutory harms caused by Defendant, Plaintiff would be prejudiced and unable to pursue this action in the absence of a default judgment. See Coach, Inc. v. Ocean Point Gifts, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010)(finding that defendant's failure to answer complaint prevented the plaintiff "from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion"); Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012)(noting that the inability to "vindicate rights" absent a default judgment constitutes prejudice); Wong, 2012 WL 5986474 at *3 (explaining that a

"properly-served defendant who fails to appear should expect that a judgment may be entered against it"). Lastly, because Defendant failed to participate in this litigation despite effective service, the Court can find no cause for Defendant's default other than culpable conduct. See Lee v. A to Z Trading LLC, No. 12-4624, 2014 WL 7339195, at *3 (D.N.J. Dec. 23, 2014) (finding the defendant's failure to respond despite awareness of the litigation "due to culpable conduct"). Given that these factors weigh in Plaintiffs' favor, the Court will accordingly grant default judgment. See Buskirk v. Premium Recovery Grp., Inc., No. 15-3025, 2016 WL 796889, at *2 (D.N.J. Feb. 29, 2016) (finding the entry of default judgment in an FDCPA action appropriate); Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13 2013) (finding that factors weigh in favor of default judgment where there was no indication of a cognizable defense to plaintiffs' claims, plaintiff had no alternative means of seeking damages, and defendants failed entirely to respond); and turns to the issue of damages.

9. **Statutory Damages.** The FDCPA provides, in relevant part, that the Court may award statutory damages in an amount "not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The decision of whether to award "'the full amount'" of statutory damages, however, rests within the discretion of the Court. Buskirk, 2016

WL 796889, at *3 (quoting <u>Manopla v. Bryant, Hodge & Assocs., LLC</u>, No. 13-338, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014)). In light of the multiple violations at issue here, and the prospect of a greater award in the event this action would have proceeded on the merits, the Court finds a statutory award in the amount of $1,000 reasonable. <u>See</u> <u>Buskirk</u>, 2016 WL 796889, at *3 (granting the same statutory award); <u>Meth v. ARM WNY, LLC</u>, No. 14-1613, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015).

    10. **Reasonable Attorneys' Fees and Costs of Suit.** As in the statutory damage context, the FDCPA permits an award of "costs of the action" and "reasonable attorneys' fees . . . in the case of any successful action to enforce" the FDCPA. 15 U.S.C. § 1692k(a)(3).  In awarding fees under this rubric, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." <u>Granziano v. Harrison</u>, 950 F.2d 107, 114 (3d Cir. 1991).  Counsel for Plaintiff did not submit a request for attorney's fees and costs with the motion for default judgment, but now that the Court is granting Plaintiff's motion, counsel shall do so within fourteen (14) days of the entry of this Order.  Counsel shall observe the requirement for the Affidavit of Fees and Costs set forth in L. Civ. R. 54.2.

10

11. **Conclusion**. For all of these reasons, Plaintiff's motion for default judgment will be granted, and the Court will enter a Default Judgment against Defendant and in favor of Plaintiff in the amount of $1,000 plus attorney's fees and costs in an amount to be determined.

12. An accompanying Default Judgment will be entered.


**March 10, 2017**                **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge

11